# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIAM OSCAR HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-308-JMS-MJD |
| | ) | |
| JOHN C. OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Directing Further Proceedings

A **copy of the petition for a writ of habeas corpus** challenging No. 637517 **shall be included** with the petitioner's copy of this Entry.

Based on the fact that notice pleading does not suffice in an action for habeas corpus relief, *see Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), the petitioner shall have **through November 19, 2012**, in which to file an amended petition for a writ of habeas corpus. The amended petition shall set forth all the claims he intends to present and the basis for each. *See Mayle v. Felix,* 545 U.S. 644, 661 (2005) ("Habeas Corpus Rule 2(c) . . . instructs petitioners to 'specify all available grounds for relief' and to 'state the facts supporting each ground.'"). By "claims" it is meant the recognized principles of law which, as applied to the facts and circumstances of the challenged proceeding, show that challenged proceeding to have been deficient or violative of the petitioner's rights.

In connection with the foregoing, the petitioner is notified of the following. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend.,*

*Mass. Corr. Inst. v. Hill,* **472 U.S. 445, 454 (1985);** *Wolff v. McDonnell,* **418 U.S. 539, 564, 566, 570-71 (1974);** *Piggie v. Cotton,* **344 F.3d 674, 677 (7th Cir. 2003);** *Webb v. Anderson,* **224 F.3d 649, 652 (7th Cir. 2000).**

The petitioner shall also have **through November 19, 2012**, in which to pay the Five Dollar ($5.00) filing fee or demonstrate his inability to do so.

**IT IS SO ORDERED.**

Date: 10/23/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**William Oscar Harris**
**#40743-050**
**Terre Haute FCI**
**P.O. Box 33**
**Terre Haute, IN 47808**

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.