UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM OSCAR HARRIS, )<br>)<br>        Petitioner, )<br>)<br>  vs. )<br>)<br>JOHN C. OLIVER, )<br>)<br>        Respondent. ) | Cause No. 2:12-cv-308-JMS-MJD |

**Entry and Order Dismissing Action**

**I.**

This is an action in which a federal inmate seeks a writ of habeas corpus. He challenges the validity of a prison disciplinary proceeding identified as No. 2114507.

An action that extends an inmate's release date subjects him to "custody." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), *cert. denied sub nom. Hanks v. Finfrock*, 531 U.S. 1029 (2000). The expanded record shows that the petitioner did not suffer a sanction of this nature. The petitioner was given a period of time in which to show cause why the action should not be dismissed as moot.

The petitioner has not responded to the foregoing directions. The deadline has passed. The habeas petition is moot because the petitioner did not suffer a sanction imposing "custody" within the meaning of the federal habeas statute. Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70–71 (1983). Thus, an action which is moot must be dismissed for lack of jurisdiction. *Steel Co. v. Citizens for a Better*

*Environment,* 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/20/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William Oscar Harris
#40743-050
Terre Haute FCI
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel