UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM OSCAR HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:12-cv-308-JMS-MJD |
| | ) | |
| JOHN C. OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petitioner's "Order to Show Cause for Removal From
The Bench [for] Treasonous Acts" and Directing Petitioner to Show Cause**

**I.**

William Harris sought a writ of habeas corpus pertaining to a prison disciplinary proceeding associated with Incident Report No. 2114507. Based on consideration of the pleadings and the expanded record, the court found that the action was moot because Harris had not suffered a sanction which imposed "custody" within the meaning of the federal habeas corpus statute. Accordingly, judgment dismissing the action for lack of jurisdiction was entered on the clerk's docket on November 21, 2013. The court thereafter considered and denied the two motions to alter or amend judgment Harris had filed on December 4, 2013. This latter ruling has been followed with the filing of his "order to show cause for removal from the bench [for] treasonous acts" on December 27, 2013.

The entry of final judgment left no claim unresolved, *see Price v. Wyeth Holdings Corp.,* 505 F.3d 624, 629 (7th Cir. 2007)("[A] 'cause' (that is, lawsuit) cannot continue to exist once every 'cause of action' within it has been dismissed."). The second sentence of the Entry of September 18, 2013, recites: "There has been no agreement between the parties to arbitrate." The existence of an arbitration component to any aspect of this action was rejected by the Seventh

Circuit Court of Appeals in its Order of September 10, 2013, in No. 13-2770: "His argument that this habeas case (or any issue in the case) is referable to arbitration is a nonstarter. Section 3 of Title 9, United States Code, requires the existence of 'an agreement in writing for such arbitration,' and none exists in this case."

The filing of December 27, 2013, seeks the court's justification in its rulings and in particular in its rulings relating to his campaign for arbitration. This filing does not recognize the entry of final judgment in the case. Ignoring the outcome of the case and returning to a subject which has been thoroughly rejected in the case lacks even the semblance of reasonableness. Relief sought in the filing of December 27, 2013, [dkt 54] is **denied.** Alternatively, Harris is reminded that a court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). Thus, the disposition of this action was entirely correct, requires no additional explanation, and warrants none of the steps sketched or referenced in his filing.

## II.

"Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald,* 489 U.S. 180, 184 (1989); *see also United States ex rel. Verdone v. Circuit Court for Taylor County,* 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with

the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").

The "order to show cause for removal from the bench [for] treasonous acts" filed on December 27, 2013, described in Part I of this Entry unquestionably represents a filing without factual or legal basis, yet has consumed an incremental amount of the court's time. Through that filing, the petitioner has abused the judicial process. *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staffs to "the detriment of litigants having meritorious cases").

Based on the foregoing, Mr. Harris shall have 21 calendar days from the issuance of this Entry in which to show cause why appropriate sanctions should not be imposed based on the wasteful, baseless filing referenced above. In responding to these directions, Mr. Harris should bear in mind that "litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994) (internal quotation omitted).

IT IS SO ORDERED.

Date: _12/31/2013_

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William Oscar Harris
#40743-050
Terre Haute FCI
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel